**E-FILED**
Wednesday, 05 January, 2005  09:15:07 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, MID-CENTRAL ILLINOIS DISTRICT COUNCIL OF CARPENTERS, MID-CENTRAL ILLINOIS DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP FUND, CENTRAL ILLINOIS CARPENTERS ANNUITY FUND, and CARPENTERS LOCAL #63, <br><br> Plaintiffs, <br> vs. <br><br> TROMBA HANSON ENTERPRISES, INC. a Wisconsin corporation <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) No. 04-3157 ) ) ) ) ) |

### <u>FIRST AMENDED COMPLAINT</u>

NOW COME Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, MID-CENTRAL ILLINOIS DISTRICT COUNCIL OF CARPENTERS, MID-CENTRAL ILLINOIS DISTRICT COUNCIL OF CARPENTERS APPRENTICESHIP FUND, CENTRAL ILLINOIS CARPENTERS ANNUITY FUND, and CARPENTERS LOCAL #63, by its attorneys, Cavanagh & O'Hara, complaining of the Defendant, TROMBA HANSON ENTERPRISES, INC., a Wisconsin corporation, and allege as follows:

1.      This action arises under the Employee Retirement Income Security Act of 1974, as amended U.S.C. Title 29, Section 1145.

Exhibit A

2.      The Plaintiffs, CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, et. al. are administered pursuant to the terms and provisions of the Declarations of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974 (as amended), 29 U.S.C. §1001 *et seq.*  The address and place of business of the Plaintiff Funds is Central Illinois Carpenters Health & Welfare Fund, 200 South Madigan Drive, Lincoln, Illinois 62656.

3.      That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Sections 1002 (5), (11), (12) and (14).  Defendant employs individuals who are members of, and represented by the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, #1 Kalmia Way, Springfield, Illinois, 62702, and said individuals are participants in Plaintiffs' benefit funds, pursuant to a Collective Bargaining Agreement by and between the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, #1 Kalmia Way, Springfield, Illinois 62702, and Defendant.  Said Collective Bargaining Agreement is attached hereto and made a part hereof as **Exhibit A**.

4.      That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C., Sections 1002 (5), (11), (12) and (14).  Defendant employs individuals who are members of, and represented by, Plaintiff's Local Unions, and said individuals are participants in Plaintiffs' benefits funds, pursuant to a Participation Agreement by and between Plaintiff and Defendant which is attached hereto as **Exhibit B.**

5.      The Defendant's address is 6043 350th Street, Stanley, WI 54768.

6.      Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29,

Section 1145), the Defendant is required to make contributions to the Fund in accordance with the terms and conditions of the Fund's Agreement and Declarations of Trust, and to pay liquidated damages in the event said contributions are not timely made, as shown by Plaintiff's **Exhibit C**, attached hereto and made a part hereof.

7.     Pursuant to the Collective Bargaining Agreement, attached hereto as **Exhibit A**, and the applicable Agreements and Declarations of Trust, attached hereto as **Exhibit C**, the Funds are authorized and empowered to examine the payroll books and records of the Defendant to determine whether an employer is making full payment as required under the collective bargaining agreement.

8.     Pursuant to such Collective Bargaining Agreement and Agreements and Declarations of Trust, the Funds engaged Romolo and Associates, to examine the payroll records of the Defendant.

9.     That pursuant to such Collective Bargaining Agreement and Agreements and Declarations of Trust, said Romolo and Associates, have determined that Defendant owes the Plaintiffs for the audit period of June 1, 2002 through September 30, 2004 in the amount of  $116,972.38 including the costs of the audit in the amount of $1,301.98, liquidated damages in the amount of $17,450.33 and interest in the amount of $10,986.22, as shown by Plaintiffs' **Exhibit D** attached hereto and made a part hereof.

10.     That Plaintiffs have made demand upon Defendant for the audit liabilities due and liquidated damages as a consequence of late payments by Defendant, all of which is more fully set forth in the attached **Exhibit E,** attached hereto, and made a part hereof by reference.

11.     That pursuant to the terms of the Declaration of Trust (**Exhibit C**), the Defendant is liable for reasonable attorney's fees and court costs and all other reasonable expenses incurred by the Funds in collection of delinquent contributions and liquidated damages.

12.     That Plaintiffs have made continuous demands upon the Defendant for the amounts

owed, but Defendant has refused to satisfy said demands.

13.     Attached hereto and incorporated herein as **Exhibit F** is the Affidavit of Daniel M. McLaughlin in support of his request for attorney's fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A.      That Judgment be entered in favor of the Plaintiffs and against the Defendant in the amount of $116,972.38, plus costs and attorneys fees to date in the amount of $2,530.25  for a total of $119,502.63; and further, any unpaid contributions, and liquidated damages unpaid at the time judgment is rendered.

B.      That Defendant be specifically required to perform and continue to perform all its obligations to the Plaintiffs, particularly to furnish to the Plaintiffs the required contribution reports and payments heretofore referred to, or in lieu thereof, a statement covering the period for which said report is required that Defendant had no employees for whom contributions are required to be made;

C.      That Defendant be decreed to pay to the Plaintiffs its reasonable attorney's fees in the amount of $2,530.25 as provided by 29 U.S.C. Section 1132(g)(2);

D.      That Defendant be decreed to pay all costs attendant to these proceedings;

E.      That Plaintiffs be awarded such other and further relief by the court as may be deemed just and equitable, all at Defendant's cost.

> CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, et. al., Plaintiffs,
>
> Respectfully submitted,
> s/Daniel M. McLaughlin
> Daniel M. McLaughlin
> Cavanagh & O'Hara
> 1609 North Illinois Street
> Swansea, Illinois 62226
> Phone: (618)222-5945
> Fax: (618)222-6755

E-mail: [dan@cavanagh-ohara.com](mailto:dan@cavanagh-ohara.com)